IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALBERT J. MARNOCH | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 21-CV- |
| | : | |
| HOME DEPOT U.S.A., INC. | : | |

**NOTICE FOR REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §1441**

Defendant, Home Depot U.S.A., Inc. ("Home Depot" and/or "Defendant"), hereby submits notice to the United States District Court for the Eastern District of Pennsylvania for the removal of the above entitled action to this Court and, in support thereof, respectfully represent:

1. Defendant is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business located in the State of Georgia.

2. Upon information, knowledge, and belief, Plaintiff, Albert J. Marnoch ("Plaintiff"), is an adult individual, citizen, and resident of the Commonwealth of Pennsylvania, residing at 24 Maple Avenue, Hatboro, PA 19040, and is domiciled at that address.

3. At all times material hereto, Home Depot was duly registered to do, and was doing, business in the Commonwealth of Pennsylvania.

4. On or about September 13, 2021, Plaintiff instituted the above action, by way of Complaint (the "Complaint"), a copy of which is attached hereto as Exhibit "A," in the Pennsylvania Court of Common Pleas, Philadelphia County, as of September Term, 2021; No. 00806, seeking damages against Defendant for injuries Plaintiff purportedly sustained as a result of Defendant's alleged negligence.

5. At the time the action was filed, Defendant did not have notice Plaintiff's claim exceeded $75,000.00, exclusive of interest or costs. See Espinosa v. Allstate Ins. Co., CIV.A.07-0746, 2007 WL 1181020 (E.D. Pa. Apr. 16, 2007) (holding a plaintiff's complaint asserting damages in excess of $50,000.00 was not removable at the time it was filed); Bishop v. Sam's East, Inc., 2009 WL

1795316 (E.D. Pa., June 23, 2009) (holding that the filing of a complaint seeking damages in excess of the state court's arbitration limits does not suffice to place a defendant on notice that a plaintiff's claims meet the threshold level for diversity jurisdiction); Brown v. Modell's PA II, Inc., 2008 U.S. Dist. LEXIS 50083, 2 (E.D. Pa. Jul. 1, 2008) (complaint included allegations of lost wages and apparently serious medical injuries to his back, hand, and wrist that required several surgeries, "but it did not include any monetary amount of damages other than damages 'in excess of $50,000,'" which "did not put defendants on notice that the $75,000 amount in controversy requirement had been met") (internal citation omitted).

6.    On October 21, 2021 the parties filed a Stipulation and agreement regarding naming Home Depot U.S.A., Inc. as the correct Defendant. A copy of the filed and approved stipulation is attached hereto as Exhibit "B."

7.    On October 21, 2021, Defendant filed its answer and new matter, a copy of which is attached hereto as Exhibit "C," denying liability and asserting various affirmative defenses.

8.    In ¶34 of its new matter, Defendant asserted that "Plaintiff's alleged damages, if proven, do not exceed $75,000.00, exclusive of interest and costs."

9.    On October 27, 2021, Plaintiff filed his reply to Defendant's new matter, a copy of which is attached hereto as Exhibit "D," denying the allegations in Defendant's new matter both factually and as conclusions of law, , including, without limitation, ¶34 thereof.

10.    As prescribed in 28 U.S.C. § 1446(c)(3)(A):

> If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3).

11.    Plaintiff's reply to Defendant's new matter placed Defendant on notice that the amount in controversy exceeded $75,000.00, exclusive of interest and costs.

12. Plaintiff's reply to Defendant's new matter constituted "other paper" under 28 U.S.C. §1446(b)(3) and triggered the thirty (30) day removal period.

13. Diversity of citizenship exists between Plaintiff, a citizen, resident, and domiciliary of the Commonwealth of Pennsylvania, and Defendant, a corporation organized and existing under the laws of the State of Delaware and having their principal place of business in the State of Georgia.

14. Complete diversity of citizenship existed between the parties both at the time the action was first instituted and at present; thus, removal is proper pursuant to 28 U.S.C. § 1441.

15. This Notice of Removal is timely under 28 U.S.C. §1446(b) as it is filed within thirty (30) days after Defendant's receipt of a paper, to wit, Plaintiff's reply to new matter. Moreover, this Notice of Removal is made within one (1) year after the filing of the Complaint on September 13, 2021.

WHEREFORE, the above action now pending against Defendant, Home Depot U.S.A., Inc., in the Pennsylvania Court of Common Pleas, Philadelphia County, is removed therefrom to this Honorable Court.

Respectfully submitted,

CHARTWELL LAW

BY: _____
J. GRANT STRINGHAM, ESQUIRE
Identification No. 319317
1735 Market Street, 29th Floor
Philadelphia, PA 19103
(215) 972-5468

Attorney for Defendant,
Home Depot U.S.A., Inc.

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | ) |
| | ) SS: |
| COUNTY OF PHILADELPHIA | ) |

## AFFIDAVIT

J. GRANT STRINGHAM, ESQUIRE, being duly sworn according to law, deposes and says that he is the attorney for Defendant, Home Depot U.S.A., Inc.; that, he has read the foregoing Notice and knows the contents thereof; that, he is authorized to make this Affidavit on behalf of Defendant; and, that the facts alleged in the Notice are true and correct to the best of his knowledge, information and belief.

_____
J. GRANT STRINGHAM, ESQUIRE

SWORN to and SUBSCRIBED

before me this 16th day of

November , 2021.

_____
NOTARY PUBLIC

Commonwealth of Pennsylvania - Notary Seal
DORI CONWAY, Notary Public
Philadelphia County
My Commission Expires October 3, 2023
Commission Number 1236821