IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ALBERT J. MARNOCH**, <br><br> Plaintiff, <br><br> *v.* <br><br> **HOME DEPOT U.S.A, INC.,** <br><br> Defendant. | **CIVIL ACTION** <br><br><br> **NO. 21-5036-KSM** |

## MEMORANDUM

**MARSTON, J.**                                                           **December 2, 2021**

Plaintiff Albert Marnoch sued Defendant Home Depot U.S.A., Inc. ("Home Depot") after

he slipped and fell in the aisle of a Home Depot store while shopping.  (Doc. No. 1-4.)

Presently before the Court is Marnoch's Motion to Remand to State Court.  (Doc. No. 6.)

For the reasons discussed below, the Court denies the motion.

### I.    Background and Procedural History

On September 13, 2021, Marnoch initiated his lawsuit in the Philadelphia County Court

of Common Pleas, alleging that Home Depot was negligent and violated numerous codes,

statutes, and regulations.  (Doc. No. 1-4.)  In his complaint, Marnoch alleges that as a result of

the slip-and-fall incident at the store, he suffered severe and permanent injuries across his entire

body, including injuries to his right knee and right hip area, which have impaired his ability to

perform his duties at work and his daily activities.  (*Id.* at ¶ 9; *see also id.* at ¶ 10 (alleging that

he experienced "pain, discomfort, frustration, embarrassment, loss of enjoyment of life's

pleasures, and an inability to attend fully to usual and daily activities" as a result of the

accident).)  As to his financial losses, Marnoch claims that he has spent "various sums of money"

on medical services, x-rays, surgery, hospitalization, and medication to treat his injuries, and that

he has "suffer[ed] a loss of earnings and [an] impairment of [his] earning capacity." (*Id.* at

¶¶ 11–12.)  In the *ad damnum* clause, Marnoch "demands judgment against Defendant in an

amount in excess of Fifty Thousand ($50,000.00) Dollars including with interest, cost of suit and

such other further relief as is just and proper." (*Id.* at p. 6.)

On October 21, 2021, Home Depot filed an answer and new matter in response to

Marnoch's complaint.  (Doc. No. 1-6.)  In ¶ 34 of its new matter, Home Depot asserted,

"Plaintiff's alleged damages, if proven, do not exceed $75,000, exclusive of interest and costs."

(*Id.* at ¶ 34.)  Then, on October 27, Marnoch replied to the new matter, and flatly denied all

allegations in Home Depot new matter, including the allegation that damages did not exceed

$75,000.  (Doc. No. 1-7 at ¶¶ 2–36.)

Based on Marnoch's denial concerning the amount of damages recoverable, Home Depot

removed this matter to federal court on November 16, 2021.  (Doc. No. 1.)  Two days later, on

November 18, Marnoch filed a motion to remand the action to state court, contending that the

removal is untimely and that a plaintiff's mere denial in response to an allegation in a

defendant's new matter does not provide a basis for removal, as "nothing in this pleading would

expand on Plaintiff's initial claim for relief." (Doc. No. 6.)  Home Depot opposes the motion.

(Doc. No. 8.)

## II.    Discussion

Under 28 U.S.C. § 1446(b), which governs the removability of civil actions from state

court to federal court, defendants are typically required to file a notice of removal within thirty

days after receiving a copy of the initial pleading or summons.  28 U.S.C. § 1446(b)(1); s*ee also*

*Young v. Wal-Mart Stores East*, *LP*, Civil Action No. 14-06692, 2015 WL 1137089, at *1 (E.D.

Pa. Mar. 12, 2015).  If the case is not initially removable based on the complaint, a defendant may still file a notice of removal later under certain limited circumstances—namely, a defendant may file a notice of removal within thirty days after receiving "an amended pleading, motion, order or other paper from which it may *first* be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3) (emphasis added). And if the case was initially "not removable solely because the amount in controversy requirement [did] not exceed the amount specified [under the statute governing diversity jurisdiction,] § 1332(a),[1] information relating to the amount in controversy in the record of the State proceeding . . . shall be treated as an 'other paper' under" § 1146(b)(3).  28 U.S.C. § 1446(c)(3)(A).

Here, Home Depot argues that the case was not initially removable because the *ad damnum* clause in the complaint merely pled damages "in excess of [$50,000]."  (Doc. No. 1 at ¶ 5.)  Rather, according to Home Depot, it first became aware that the amount in controversy exceeded $75,000—and therefore, that the case was removable—on October 27, 2021, when Marnoch filed his reply to its new matter and denied the allegation that his damages did not exceed $75,000.  (*Id.* at ¶¶ 11–22; Doc. No. 8 at pp. 2–3.)  Marnoch disagrees, arguing that the removal was untimely because it did not occur within thirty days of service of the complaint and nothing in his reply to Home Depot's new matter "would expand on his initial claim for relief" beyond what was already in the complaint.  (Doc. No. 6 at ¶¶ 16, 18–19, 22.)  Therefore, we must determine whether removal was timely.

---

[1] Under 28 U.S.C. § 1332(a), a district court has original jurisdiction over a civil action between citizens of different states where "the matter in controversy exceeds the sum or value of $75,000."  In this case, it is undisputed that the parties are citizens of different states—Home Depot is incorporated in Delaware and has a principal place of business in Georgia, while Marnoch is a citizen of Pennsylvania.  (See Doc. No. 1 at ¶¶ 1–2; *see generally* Doc. No. 6 (moving to remand on the basis that removal was untimely, not because of a lack of diversity between the parties).)

As an initial matter, the Court considers whether the complaint put Home Depot on notice that the amount in controversy was over $75,000 and that the case was therefore removable on the basis of diversity jurisdiction. *See Bishop v. Sam's East, Inc.*, Civil Action No. 08-4550, 2009 WL 1795316, at *2 (E.D. Pa. June 23, 2009) ("[T]he issue to be decided is whether Defendants' notice of removal is timely. We begin this inquiry by examining the allegations of the complaint to determine when Defendant would have known . . . that Plaintiff's damages exceeded $75,000 and therefore diversity jurisdiction existed."); *Brown v. Modell's PA II, Inc.*, Civil Action No. 08-1528, 2008 WL 2600253, at *2 (E.D. Pa. July 1, 2008) ("[I]f the initial pleading in this case—the complaint—provided adequate notice of the amount in controversy, then the first paragraph of § 1446(b) applies here and removal was not timely.").

We find that it did not. The complaint contains only general, boilerplate allegations of injury and does not indicate the magnitude of damages Marnoch suffered. (*See, e.g.*, Doc. No. 1-4 at ¶ 9 ("Plaintiff has sustained severe and permanent personal injuries over his entire body including but not limited to his right knee and right hip area and other injuries affecting his ability to perform his duties at work and his activities of daily living"), ¶ 10 ("Plaintiff has been in the past and will in the future be obliged to expend various sums of money for medical services, x-rays, surgery, hospitalization, and medication in an effort to treat his injuries"), ¶ 11 ("Plaintiff has suffered pain, discomfort, frustration, [and] loss of enjoyment of life's pleasures"), ¶ 12 ("Plaintiff believes that he will suffer a loss earnings and impairment of earning capacity"), ¶ 13 ("Plaintiff believes and therefore avers that some of his injuries are permanent in nature and character").) Critically, Marnoch does not provide *any* specific information as to the costs of the medical treatments he received, the amount of earnings he has lost, the amount of medical treatments he is projected to have to pay in the future, or the amount of earnings he is expected to

4

lose in the future.  Indeed, the only numerical amount listed in the complaint is in the *ad damnum*

clause, where plaintiff demands damages "in excess of [$50,000.]"  (Doc. No. 1-4 at p. 6.)

This is insufficient to put Home Depot on notice that the amount in controversy exceeded

$75,000; in other words, we agree with Home Depot that it could not have removed this action at

the time it was served with the complaint.  *See Inaganti v. Colubmia Props. Harrisburg LLC*,

Civil Action No. 10-1651, 2010 WL 2136597, at *5 (E.D. Pa. May 25, 2010) ("The Complaint

contains only general boilerplate allegations that plaintiff suffered a variety of physical and

mental injuries and loss of earning capacity. . . . Plaintiffs provide no indication as to the actual

cost of medical treatment received, amount of earnings lost, or amount of projected future

medical treatments or lost wages.  Above all, Plaintiffs state only that the total amount of injuries

is 'in excess of $50,000.'  Taken together, these allegations simply do not permit Defendants to

conclude, to a 'legal certainty,' that the damages claims meet the threshold for federal diversity

jurisdiction."); *Bishop*, 2009 WL 1795316, at *3–4 ("[T]he complaint here contains general,

boilerplate allegations of injury.  For example, the complaint alleges that Plaintiff has suffered a

variety of 'ills and injuries' and 'psychological and emotional disorders' that have deprived her

of 'life's pleasures.'  The complaint alleges no facts to indicate the magnitude of the alleged

reduced earnings capacity and other damages except that . . . the *ad damnum* clause demands

damages 'in excess of $50,000.'  Based on the complaint, Defendant could not have conducted

an objective calculation of damages that would have placed them on notice of an amount in

controversy in excess of $75,000. . . . Accordingly, the complaint did not trigger the thirty-day

period for filing of Defendant's notice of removal."); *Brown*, 2008 WL 2600253, at *2 ("Here,

plaintiffs' complaint included allegations of apparently serious medical injuries, but it did not

include any monetary amount of damages other than damages 'in excess of $50,000.'  These

allegations were not enough for defendant to conduct an objective calculation of damages and did not put defendants on notice that the $75,000 amount in controversy requirement had been met.  Thus, the case was not removable on the basis of the complaint."); *see also Hensler v. Wal-Mart Stores, Inc.*, Civil Action No. 18-3051, 2019 WL 653073, at *7 (E.D. Pa. Feb. 14, 2019) (holding that the defendant could not conclude from the face of the complaint that the amount in controversy exceeded $75,000 where the complaint contained no specific facts to indicate the magnitude of the plaintiff's alleged damages and injury-related expenses); *Young v. Wal-Mart Stores East, LP*, Civil Action No. 14-06692, 2015 WL 1137089, at *3 (E.D. Pa. Mar. 12, 2015) (finding that the allegations in the complaint and amended complaint did not put the defendant on notice that the $75,000 amount in controversy requirement was satisfied where the plaintiff alleged "apparently serious medical injuries" but "did not include any monetary amount of damages other than an open-ended claim for damages in excess of $50,000" and did not "provide any information as to the actual cost of medical treatment received, amount of earnings lost, or amount of projected future medical treatments or lost wages" ); *Alston v. Wal-Mart Stores East, L.P.*, Civil Action No. 12-3491, 2012 WL 4321973, at *2 (E.D. Pa. Sept. 20, 2012) (holding that the complaint did not activate the thirty-day period for filing a notice of removal because the complaint contained only "general allegations of injury" and a demand in excess of the arbitration limit of $50,000).

Next, we must consider whether Marnoch's reply to Home Depot's new matter falls within the ambit of "other paper" under § 1446(b)(3).  *See Bishop*, 2009 WL 1795316, at *4; *Brown*, 2008 WL 2600253, at *3. The Court is persuaded by the case law within this District holding that a plaintiff's reply to a defendant's new matter constitutes "other paper" within the meaning of § 1446(b)(3).  *See Hensler*, 2019 WL 653073, at *8 ("A reply to new matter qualifies

as 'other paper' for purposes of 28 U.S.C. § 1446(b)."); *McClain v. Wal-Mart Store No. 5495*,

Civil Action No. 13-979, 2013 WL 1438254, at *2 (E.D. Pa. Apr. 8, 2013) ("[The plaintiff's]

reply to new matter constituted an 'other paper' under § 1446(b)(3) sufficient to trigger the

thirty-day removal period."); *Bishop*, 2009 WL 1795316, at *4 ("Plaintiff's reply to Defendant's

new matter, which was filed with the court, clearly constitutes 'other paper.'").

 Third, we must determine whether Marnoch's denial in his reply to the new matter—i.e.,

denying that his damages are "not in excess of $75,000"—put Home Depot on notice that the

amount in controversy was over $75,000, triggering the thirty-day period in which Home Depot

could file a notice of removal. *See Bishop*, 2009 WL 1795316, at *5; *Brown*, 2008 WL 2600253,

at *3. The Court concludes that it did. *See Hensler*, 2019 WL 653073, at *2, *8–9 (holding that

the plaintiff's reply to new matter put the defendant on notice that she was seeking damages in

excess of $75,000 because she denied the defendant's assertion that "Plaintiff's damages, if any,

are limited to an amount not in excess of $75,000 at the trial of this matter"); *Young*, 2015 WL

1137089, at *5 (finding that the defendant was not on notice that the $75,000 amount in

controversy requirement had been met until the day it received the plaintiff's reply to new

matter, in which the plaintiff denied the defendant's assertion that the damages did not exceed

$75,000); *McClain*, 2013 WL 1438254, at *2 ("Walmart did not receive notice of facts

supporting removability until [the plaintiff] filed . . . her reply to new matter, in which she denied

[the defendant's] allegations that damages were not in excess of $75,000. [The plaintiff's] reply

to new matter . . . trigger[ed] the thirty-day removal period."); *Bishop*, 2009 WL 1795316, at *5

(holding that the plaintiff's denial of the new matter's statement that the damages did not exceed

$75,000 was an implicit assertion on the plaintiff's part that the amount in controversy exceeded

$75,000, thereby triggering the thirty-day removal period); *see also Inaganti*, 2010 WL 2136597,

at \*6 (concluding the defendant was put on notice that the amount in controversy requirement was satisfied and that the thirty-day removal period was triggered where four of the defendants' requests for admissions "asked for admissions that the amount in controversy, the total damages sustained, and the total damages recoverable did not exceed $75,000" and the plaintiff refused to admit any of those facts, "thereby implicitly asserting a claim for potential damages above $75,000"); *Brown*, 2008 WL 2600253, at \*3 ("Plaintiffs' admission that there was an excess of $75,000 in controversy, through their failure to deny the [defendant's request that the plaintiffs admit that they were seeking damages in excess of $75,000 in total damages], gave defendant actual notice that the amount in controversy requirement was met and the case was removable.").

Because Home Depot filed its notice of removal on November 18, 2021—within thirty days of Marnoch's October 27, 2021 reply to the new matter—the removal was timely. Accordingly, we deny Marnoch's motion to remand.

An appropriate Order follows.